

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 4, 1969

Hon. J. Pat O'Keefe
Executive Director
Texas Fine Arts Commission
825 Brown Building
Austin, Texas  78701

Opinion No. M-531

Re:  Whether funds appropriated
in Item 7 of the General
Appropriations Act, 61st
Legislature, R.S., 1969,
may be expended by the Fine
Arts Commission for the pur-
poses stated to local com-
munities in the State of
Texas.

Dear Mr. O'Keefe:

Your request for an opinion reads, in part, as follows:

"The Texas Fine Arts Commission is engaged
in providing a touring program to benefit citizens
of all ages in communities throughout the State
of Texas.  By sharing the costs in providing
quality cultural programs (traditional, con-
temporary and classical), we intend to crystalize
local interest in and support for the various
creative arts and to bring to communities and
neighborhoods that would not otherwise be able
to afford such programs musical ensembles, choirs
and other concert groups, drama and dance theatre
groups and other similar performing units and
visual art displays.

"In order to carry out this program, the
Legislature has appropriated $40,000 per year
for the biennium ending August 31, 1971, to the
Fine Arts Commission.  The Comptroller of Public
Accounts has questioned whether this money may
be expended for such purpose in view of the pro-
visions of Sections 50 and 51 of Article III of
the Constitution of Texas.  I, therefore, request
an opinion on the following question:

"May funds appropriated in Item 7 of the ap-
propriations to the Fine Arts Commission for the

-2528-

biennium ending August 31, 1971, be expended
by the Fine Arts Commission for the purpose as
outlined above to local communities in the State
of Texas?"

The Texas Fine Arts Commission was created by the
provisions of Article 6144g, Vernon's Civil Statutes. Section
3 provides the duties and responsibilities of the Fine Arts Com-
mission and reads, in part, as follows:

"Sec. 3. The duties and responsibilities
of the Commission shall be:

"a. To foster the development of a re-
ceptive climate for the fine arts that will
culturally enrich and benefit the citizens of
Texas in their daily lives, to make Texas visits
and vacations all the more appealing to the
world and to attract to Texas residency ad-
ditional outstanding creators in the field of
fine arts through appropriate programs of
publicity and education, and to direct other
activities such as the sponsorship of art
lectures and exhibitions and central compila-
tion and dissemination of information on the
progress of the fine arts in Texas."

Section 5 provides that "Appropriations may be made by
the Legislature to the Commission to carry out the purposes of
this Act."

House Bill 2, Acts of the 61st Legislature, 2nd C.S.,
1969 (General Appropriations Act for the biennium ending August
31, 1971), contains the following appropriation to the Fine Arts
Commission:

| | "For the Years Ending | |
| --- | --- | --- |
| | August 31, 1970 | August 31, 1971 |
| "7.  Touring Projects | $40,000 | $40,000" |

The rider relative to the expenditure of Item 7, supra,
provides:

"The expenditure of moneys appropriated by
Item 7 on any project shall be conditioned upon
the funds being matched by private or Federal

funds. An affidavit signed by the Executive
Director of this Commission that the matching
sums have been expended, or have been made avail-
able and will be expended shall be considered
suitable evidence by the Comptroller of com-
pliance with this provision."

It is our opinion that Subdivision (a) of Section 3
and Section 5 of Article 6144g, constitute pre-existing law
within the meaning of Section 44 of Article III of the Consti-
tution of Texas for the appropriation contained in Item 7 to
the Fine Arts Commission. Consequently, that appropriation may
be expended for the purposes outlined in your request, unless
prohibited by Sections 50 and 51 of Article III of the Constitu-
tion of Texas. Section 50 of Article III of the Constitution of
Texas provides as follows:

"Sec. 50. The Legislature shall have no
power to give or to lend, or to authorize the
giving or lending, of the credit of the State
in aid of, or to any person, association or
corporation, whether municipal or other, or to
pledge the credit of the State in any manner
whatsoever, for the payment of the liabilities,
present or prospective, of any individual, as-
sociation of individuals, municipal or other
corporation whatsoever."

The pertinent provisions of Section 51 of Article III
of the Constitution of Texas provide:

"Sec. 51. The Legislature shall have no
power to make any grant or authorize the making
of any grant of public moneys to any individual,
association of individuals, municipal or other
corporations whatsoever; . . ."

A grant of State funds for governmental use or purposes
as distinguished from private purposes is not prohibited by Sec-
tions 50 or 51 of Article III of the Constitution of Texas or any
other provision of our State Constitution. State v. City of
Austin, 160 Tex. 348, 331 S.W.2d 737 (1960); Bexar County v.
Linden, 110 Tex. 339, 220 S.W. 761 (1920); Road District No. 4,
Shelby County v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934);
Jefferson County v. Board of County and District Road Indebtedness,
143 Tex. 99, 182 S.W.2d 908 (1944); City of Aransas Pass v. Keel-
ing, 112 Tex. 339, 247 S.W. 818 (1923).

Applying the principle announced in the above cited cases to the facts presented in your request, we have concluded that the expenditure of State funds for the purpose of sharing costs in providing cultural programs to various communities and neighborhoods in the State is for a governmental purpose rather than for a private purpose. Article 6144g specifically states that it is the duty and responsibility of the Fine Arts Commission "to foster the development of a receptive climate for the fine arts that will culturally enrich and benefit the citizens of Texas in their daily lives."

You state in your request that the proposed expenditure of Item 7 is for the purpose to "crystalize local interest in and support for the various creative arts."

It is, therefore, our opinion that the expenditure of Item 7 to the Fine Arts Commission for the biennium ending August 31, 1971, is for the purpose of "the development of a receptive climate for the fine arts that will culturally enrich and benefit the citizens of Texas in their daily lives" and is thus for a governmental purpose as distinguished from a private purpose.

You are accordingly advised that Item 7 of the appropriation to the Fine Arts Commission for the biennium ending August 31, 1971, may be expended for the purposes described in your request.

## S U M M A R Y

Funds appropriated in Item 7 of the appropriation to the Fine Arts Commission for the biennium ending August 31, 1971, may be expended for the purpose of sharing the costs in providing cultural programs to communities and neighborhoods in the State of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Hon. J. Pat O'Keefe, page 5 (M-531)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Jack Sparks
Alfred Walker
Rex White
Jay Floyd

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant